## EZRA A. BOURNE *vs.* CITY OF BOSTON.

One who is taxed in the city where he is an inhabitant, for his own personal estate; and is also taxed, in a separate tax bill, by one valuation, for personal and real estate held by him " as trustee and guardian of " three persons named, of one of whom, who is a minor, he is guardian, and taxable as such, under Rev. Sts. *c.* 7, § 10, *cl.* 4; cannot maintain an action against the city to recover back the tax so assessed on the property held by him as trustee for the two others named, though of age and inhabitants of the Commonwealth, and therefore themselves taxable under Rev. Sts. *c.* 7, § 10, *cl.* 5.

A registry copy of a deed of land is not admissible in evidence against the grantee, with-out notice to him to produce the original.

ACTION OF CONTRACT to recover money paid by the plaintiff to the defendants, under protest, for certain taxes assessed by them upon him for the year 1851, according to three tax bills, one made out to him individually, on his poll and personal estate; the second to him as trustee for his wife; and the third to him " as trustee and guardian of Misses Thorndike," in which last the only two items were, " Real estate, $366.10," and " Personal estate, or income, $1,820." Trial at February term 1853 before *Thomas, J.* who made the following report thereof :

" There was evidence that the plaintiff was the guardian of one of the Misses Thorndike, mentioned in the third tax bill, who was a minor ; and that he was trustee for the two other Misses Thorndike, who were of age, and inhabitants of this commonwealth. It was in contest between the parties whether the plaintiff was an inhabitant of Boston. The plaintiff con-tended that, if he was an inhabitant of Boston, said tax was illegally assessed upon him, in the manner and form in which it was assessed upon him as trustee and guardian of the Misses Thorndike ; and that he was entitled to recover back the whole amount so assessed, or so much thereof as was assessed upon him as trustee of the two Misses Thorndike who were of age. But the judge ruled that, if the plaintiff was an inhabitant of Boston at the time, he could not recover back the said tax, or any part thereof.

" In order to prove that the plaintiff was an inhabitant of Boston at said time, the defendants offered in evidence certified

copies, from the registry of deeds of Suffolk County, of certain deeds, purporting to have been made to said Bourne as grantee, in which copies he was described as of Boston. The plaintiff, admitting that these were true copies from the registry aforesaid, objected to the admission of this evidence. But the judge permitted the same to be given in evidence for said purpose.

" The jury returned a verdict for the defendants. If the foregoing instructions, or either of them, are incorrect, the verdict is to be set aside, and a new trial granted; otherwise, judgment is to be rendered upon the verdict."

*C. A. Welch,* for the plaintiff. 1. The plaintiff was not liable to be taxed as trustee for the two elder Misses Thorndike, they being of age and inhabitants of this commonwealth, and therefore taxable themselves for the property so held in trust. Rev. Sts. *c.* 7, § 10, *cl.* 5. This is not the case of an over valuation of his own private property, as in *Howe* v. *Boston,* 7 Cush. 273, and other cases which will be cited for the defendants; for that is separately valued and assessed, and a separate bill thereof rendered. The fact, that this tax was assessed upon the plaintiff in connection with another tax for which he was liable as guardian of the youngest Miss Thorndike, is no reason why it should not be recovered back in this action, as it appears, on the face of the bill, that it includes property illegally taxed to him. *Preston* v. *Boston,* 12 Pick. 7.

2. The certified copies from the registry of deeds were inadmissible to prove that the plaintiff was an inhabitant of Boston at the time of their date, there being no proof that the plaintiff ever received the originals or caused them to be recorded. *Maynard* v. *Maynard,* 10 Mass. 456. *Homer* v. *Cilley,* 14 N. H. 85.

*P. W. Chandler,* for the defendants. 1. The including in the third tax bill, of property held by the plaintiff as trustee, is an over valuation, the only remedy for which is by application to the assessors for an abatement. It is immaterial whether the excess is caused by including, in the valuation, property of which the person taxed is not the owner, or property for which he is not liable to be taxed. *Osborn* v. *Danvers,* 6 Pick. 98. *Preston* v. *Boston,* 12 Pick. 7. *Boston Water Power Co.* v. *Boston,* 9

Met. 199. *Bates* v. *Boston*, 5 Cush. 93. *Howe* v. *Boston*, 7 Cush. 273. *Lincoln* v. *Worcester*, 8 Cush. 55.

2. Copies of deeds from the public registry are *prima facie* evidence against the grantee; and the deeds to the plaintiff were properly admitted in proof of his residence. *Eaton* v. *Campbell*, 7 Pick. 10. *Scanlan* v. *Wright*, 13 Pick. 523. *Ward* v. *Oxford*, 8 Pick. 476. *West Boylston* v. *Sterling*, 17 Pick. 126. *Woods* v. *Banks*, 14 N. H. 101. *Chess* v. *Chess*, 1 Pennsyl. 32.

BIGELOW, J. 1. By Rev. Sts. *c.* 7, § 10, *cls.* 4, 5, all property belonging to minors under guardianship is to be assessed to the guardian in the town where he is an inhabitant; but all personal property held in trust must be assessed to the persons for whom it is so held, in the town of which they are inhabitants, if within this state. Under these provisions, the plaintiff was not legally taxable for the property held by him as trustee; but he was taxable for the property of his ward in the city of Boston; and therefore a portion of the tax, which, in this action, he seeks to recover back, was rightly assessed to him. This would seem to bring the case within the principle, now well settled by the authorities, that where a person is liable to taxation for personal and real estate in a city or town, his sole remedy, for an over taxation caused by an excessive valuation of his property, or by including in the assessment property of which he is not the owner, or for which he is not liable to taxation, is by an application to the assessors for an abatement. *Howe* v. *Boston*, 7 Cush. 273. *Lincoln* v. *Worcester*, 8 Cush. 55.

In the present case, there was no separate valuation or assessment of the several estates held by the plaintiff as guardian and as trustee. It was one entire, integral assessment to him. There is nothing from which it can be inferred that the assessors made any discrimination as to the property held by the plaintiff in these different capacities. On the contrary, the inference is that they included in one valuation and assessment the entire property of his ward and his *cestuis que trust*. Being legally liable for a portion of the tax thus assessed, the excess constitutes only an over valuation, for which he can have no remedy by an action at law.

2. The admission of certified copies of deeds in which the plaintiff was grantee, without previous notice to him to produce the original deeds, was contrary to the rule of law as it is now settled in *Commonwealth* v. *Emery, ante,* 80 ; and for this reason the case must be sent to a new trial. *Verdict set aside.*